**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | | |
|---|---|---|
| **SONJA MORGAN,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | **CASE NO:** |
| | : | **7:24-cv-135-WLS** |
| | : | |
| **PFJ SOUTHEAST LLC,** | : | |
| *dba Pilot Travel Center #4561* | : | |
| **PILOT TRAVEL CENTERS LLC,** | : | |
| **ABC CORPORATION, and** | : | |
| **XYZ ENTITY,** | : | |
| | : | |
| **Defendants.** | : | |

_____

## <u>ORDER SUBSTITUTING PARTY</u><br><u>AND AMENDING DISCOVERY ORDER</u>

Plaintiff Sonja Morgan died intestate on February 25, 2025. (Doc. 17 at 1). By Order (Doc. 16) entered February 19, 2026, the Estate of Plaintiff Sonja Morgan, deceased, was allowed until April 17, 2026, within which to file a motion to substitute party. Before the Court is Plaintiff's timely filed Motion to Substitute Party (Doc. 17) ("Motion to Substitute") requesting that April Williams, the Administrator of the Estate of Plaintiff Sonja Morgan ("Estate Plaintiff"), be substituted as Plaintiff in the above-captioned case. Estate Plaintiff further requests that the caption of the case be amended to reflect this substitution and that discovery on this case be extended for a period of ninety days. For good cause shown, the Motion to Substitute (Doc. 17) is **GRANTED**.

Also before the Court is Defendant Pilot Travel Centers LLC's Motion to Compel Plaintiff's Discovery Responses and to Amend Scheduling Order (Doc. 8) ("Motion to Compel") which was filed September 24, 2025, and which has been held in abeyance pending the decision of whether the Estate Plaintiff would be substituted in place of deceased Plaintiff Sonja Morgan. In the Motion to Compel, Defendant Pilot Travel Centers LLC ("Pilot") requests that Plaintiff be compelled to respond to interrogatories and requests for production

that were propounded to Plaintiff on June 16, 2025. Pilot further requests that discovery be extended for a period of 120 days. For good cause shown, the Motion to Compel (Doc. 8) is **GRANTED IN PART and DENIED IN PART WITHOUT PREJUDICE** as follows:

**IT IS, HEREBY ORDERED**, that:

1.      April Williams, Administrator of the Estate of Plaintiff Sonja Morgan, is substituted in this case in place of Plaintiff Sonja Morgan.

2.      The Clerk is **DIRECTED** to change the caption of this case to the following:

**APRIL WILLIAMS,**
*as Administrator of the Estate of Sonja Morgan, Deceased*
**v.**
**PFJ SOUTHEAST, LLC,** *dba Pilot Travel Center #4561,*
**PILOT TRAVEL CENTERS LLC,**
**ABC CORPORATION, and XYZ ENTITY**

3.      The deadlines under the Discovery/Scheduling Order (Doc. 7) are extended for a period of 120 days from entry of this Order and such Discovery/Scheduling Order is amended as follows:

| Matter | Amended Deadline |
|---|---|
| Discovery deadline | **Wednesday, August 19, 2026** |
| Dispositive motions | **Friday, September 18, 2026** |
| Designation of Expert Witnesses | Plaintiff's case-in-chief: **Monday, June 22, 2026** <br> Defendants' case-in-chief: **Wednesday, July 22, 2026** <br> Rebuttal Experts: **Wednesday, August 5, 2026** |
| Supplemental Expert Reports | **Wednesday, August 5, 2026** |
| *Daubert* Motions: | Related to Dispositive Motions: **Friday, September 18, 2026** <br> Related to Response to Dispositive Motion: **Friday, October 9, 2026** <br> Related to Trial: 14 days after notice of pre-trial conference is docketed by Court. |

Except as amended above, the remainder of the Discovery/Scheduling Order (Doc. 7) shall remain in effect.

4.       The Motion to Compel (Doc. 8) is **GRANTED** to the extent that the discovery deadlines are extended for a period of approximately 120 days and is **DENIED WITHOUT PREJUDICE** insofar as compelling Plaintiff to respond to Pilot's interrogatories and requests for production within seven days of entry of this Order. However, Estate Plaintiff shall file such responses to Pilot's interrogatories and requests for production within twenty-one (21) days of entry of this Order or by **Tuesday, May 12, 2026**. Because compliance with discovery by Plaintiff was largely hampered by the death of Plaintiff and not by an intentional failure to comply, the Court finds that sanctions are inappropriate. As a result, costs, fees or other sanctions are **DENIED WITHOUT PREJUDICE**.

**SO ORDERED**, this 21st day of April 2026.

**/s/W. Louis Sands**
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COUR**

3